IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN A. CRIBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-391 |
| | ) |
| BEAL BANK, SSB and COUNTRYWIDE HOME | ) |
| LOANS, INC., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

In this civil action, which Defendants removed to this Court, Plaintiff has filed a Motion to Remand the matter to state court. Defendants' Motion to Dismiss is also pending. For the following reasons, this matter will be remanded to state court, and the Motion to Dismiss denied without prejudice.

### I. HISTORICAL FACTS

Previously, now-Defendant Beal Bank ("Beal") filed an action in mortgage foreclosure against now-Plaintiff Cribbins in state court, on February 18, 2005, at Allegheny County Court of Common Pleas Docket No. GD 05-004212. In that action, Cribbins filed Counterclaims on April 15, 2005, which also named a new Defendant,

1

Countrywide Home Loans ("Countrywide").   The Counterclaims sounded in defamation, breach of contract, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").   Beal and Countrywide (collectively, "Defendants") answered the Counterclaims, and filed a Motion for Judgment on the Pleadings on Counterclaims I and II.   Following the state court's rulings thereon,  Cribbins filed Amended Counterclaims I and II, and her initial Counterclaims III and IV remained standing.  Defendants filed Preliminary Objections to all Counterclaims.

Subsequently, on January 29, 2007, the parties entered into a stipulation in the state action.   In addition to providing that Defendants would withdraw their pending Preliminary Objections to Counterclaims I and II, the stipulation provided, inter alia, as follows:

> (b) Cribbins shall...file the counterclaims I-IV in a separate lawsuit;
> * * *
> (f) [Defendants] shall have the right to re-file the preliminary objections limited to new Counts I and II which correspond to counterclaims I and II;
>
> (g) The new lawsuit and the above-captioned lawsuit [the state action] shall be consolidated for purposes of discovery and pre-trial proceedings only.
>
> (h) Neither party is prohibited from filing a motion to join the above-captioned matter and the new suit for trial.

Defendants assert that the parties entered the stipulation after a state court Judge indicated that Plaintiff's counterclaims were procedurally improper, and had to be filed separately.   Plaintiff, however, appears to disavow knowledge of the

2

motive behind the desire for separate litigation.  In any event, Plaintiff filed her counterclaims as a separate lawsuit in state court, at Allegheny County Court of Common Pleas Docket No. GD-07-3566.[1]  Defendants accepted service on February 28, 2007.  Defendants removed the new lawsuit to this Court on March 26, 2007, and then filed their Motion to Dismiss the action.

In the Motion to Remand, Plaintiff argues that the Notice of Removal should have been filed within thirty days of the initial Counterclaims, rather than the "re-filing" of the lawsuit containing the substance of those Counterclaims.   She also argues that by defending the counterclaims in state court, Defendant waived the right to removal.  As a final matter, she contends that the parties' stipulation should be interpreted as an agreement to litigate the matter in state court.

## II. APPLICABLE STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.  The removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand.  In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006).   If an action is not properly removed, it must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).  Moreover, "Congress is concerned that removal

---

[1]The claims in the new lawsuit are virtually identical to those Counterclaims asserted in the first action.

3

procedure be handled in a manner that promotes economy, convenience, and fairness." Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1216 (3d Cir. 1991).

### III. PLAINTIFF'S MOTION

As mentioned, Plaintiff urges three grounds for her Motion: untimeliness of removal; waiver by participation in state court litigation; and agreement to litigate the matter in state court.  I find the last of these dispositive.[2]

This Motion turns on what is, in essence, a contractual waiver of the right to remove.  Remand based on forum selection or similar agreement is proper.  Foster, 933 F.2d at 1216.  The right to remove may be waived by agreement, and such waiver need not be express, or clear and unequivocal.[3]  Id. at 1216, 1218. Instead, regular contract principles should apply.  Id.  Moreover, "[a] consensual stipulation of the parties is to be interpreted according to the general principles of contract construction." United States v. Yusuf, 199 Fed. Appx. 127, 130  (3d Cir. 2006).

> A contract is not ambiguous if the court can determine its meaning without any guide other than knowledge of the simple facts on which its meaning

---

[2]Although I need not and do not address the remaining matters conclusively, I note that Plaintiff's other arguments are unavailing.  Because a counterclaim cannot provide grounds for removal, this matter was not, technically, removable until the new suit was filed.  See  Bell Atl. Mobile, Inc. v. Zoning Bd., 138 F. Supp. 2d 668, 675 (W. D. Pa. 2001); 28 U.S.C. 1446.  The time period did not begin to run until the matter became removable, and therefore the Notice was timely. Similarly, waiver by litigation activities must be clear and unequivocal.  Foster, 933 F.2d at 1218. Here, Defendants' litigation activities in state court did not technically relate to the new lawsuit, and even if they did, do not appear to have risen to this fairly stringent standard.

[3]This is in contrast to litigation-based waiver, as discussed in footnote 1, supra.  Selvaggi v. Prudential Prop. & Cas. Ins. Co., 871 F.Supp. 815 (E.D. Pa. 1995), the only case that Defendants cite regarding waiver, relates to litigation-based waiver, rather than waiver by contract.  Therefore, the case is inapplicable here.  Instead, in Foster, our Court of Appeals expressly determined that the "clear and unequivocal" standard does not apply to contractual waivers.  Foster, 933 F.2d at 1216, 1218.

> depends. Conversely, "[a] contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." Under Pennsylvania law, the written contract is the strongest external signal of contracting parties' intent, and, "'[w]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone.'" Courts must "'make no inference or give any construction to the terms of a written contract that may be in conflict with clearly expressed language of the written agreement.'"

Winer Family Trust v. Queen, No. 05-3394, 2006 U.S. App. LEXIS 31610, at *9 (3d Cir. Dec. 22, 2006).

If the terms of a contract are clear and unambiguous, construction of the contract determines its legal operation. Garden State Tanning, Inc. v. Mitchell Mfg. Group, Inc., 273 F.3d 332, 335 (3d Cir. 2001).  Under those rules, all provisions of a contract, if possible, are to be read together as a harmonious whole.  Engelhard Corp. v. NLRB, 437 F.3d 374, 381 (3d Cir. 2006).  Moreover, under certain circumstances, "contractual silence with the absence of different constructions and controverted wording capable of different meanings, manifests clarity, not ambiguity." In re Marianni, 21 B.R. 228, 233 (Bankr. E.D. Pa. 1982).  As one court has suggested,

> [T]he courts are not generally available to rewrite agreements or make up special provisions for parties who fail to anticipate foreseeable problems... When a contract does not provide for a contingency, it is not ambiguous; rather, it is silent, and the court may not read into the contract something it does not contain and thus make a new contract for the parties.

Gulf Oil, Ltd. Ptnship v. Mauger & Co., No. 00-CV-47, 2001 U.S. Dist. LEXIS 20800, at **7-8 (E. D. Pa. Dec. 13, 2001).

In this instance, under applicable principles, the parties' stipulation is unambiguous.  The plain language used demonstrates the intent that the action proceed in state court.  They explicitly agreed that the two cases would be consolidated for "purposes of discovery and pre-trial proceedings." "Consolidation" is a term of art used in Pa. R.C.P. 213(a), which contemplates the joint treatment of two actions pending in one county.[4]  Similarly, the stipulation expressly provides that neither party is prohibited from moving to join the new and existing suits for trial. To construe this stipulation as permitting removal would do fatal violence to both of these provisions.  Removal does, in fact, prohibit Plaintiff from seeking to join the two suits for trial, and also precludes the agreed-upon terms of consolidation.[5]  Therefore, I find that removal of this matter violates the parties' legitimate expectations, as manifested by the clear language of their stipulation.

Defendants argue, however, that they agreed to consolidation with the

---

[4]Rule 2139(a) reads as follows: "In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay."  Given the lack of suggestion that the initial foreclosure action was to proceed anywhere but Allegheny County, I consider the state court Rule.

[5]Additionally, although the facts in Foster certainly differ from those in this case, it is instructive that Foster noted the parties' agreement, essentially, to submit to the "practice" of any competent court at plaintiff's request – in Foster, the state court.  Foster, 933 F.2d at 1217. Because state and federal practice differ, the Court of Appeals reasoned, removal would violate that agreement.  Id. at 1217-18.  Here, the parties' stipulation, by exclusive mention of the state court pleading "preliminary objections," along with the terms of consolidation, similarly contemplated the application of state court practice.

intention of consolidating only "if both actions remained in state court."  The stipulation, however, places no condition or qualification on the terms of consolidation.  Defendants also argue that they had not yet had the opportunity to consider whether they would remove the action, and therefore that they "had to anticipate continued proceedings in state court."  That is, however, precisely the point here; the parties' agreement expressly and exclusively anticipates continued state court litigation, and does not suggest any consideration of an alternate forum. I will not now insert contingencies into the parties' agreement, where the parties did not do so themselves.

Additionally, Defendants suggest that they could not have stipulated to waive their right to remove, because they did not know that the new complaint would, in fact, be removable – i.e., that it was not possible to waive a right that they did not yet know, with some certainty, that they would possess.   People do, however, routinely enter into legally enforceable agreements to waive rights that have not yet materialized, as when entering into an agreement to arbitrate disputes well before any dispute has arisen.  Indeed, written agreements that contemplate all manner of possible contingencies, whether likely or not, keep many of our ilk in business.  In short, I cannot accept Defendants' arguments on this point.

As a final matter, although my decision does not rest on such grounds, my conclusion receives strong support from the ever-important pillars of fundamental fairness, judicial economy, and convenience.   Clearly, Plaintiff agreed to refile her Counterclaims in a new suit – counterclaims that she had the right to pursue in state

court – with the understanding that the old and new actions would proceed in tandem. Under the circumstances, removal smacks of unfairness. Similarly, because of the coordination of the actions, along with the fact that the state court has already ruled on certain aspects of the Plaintiff's claims, and will litigate the initial lawsuit, economy and convenience of the courts and parties are heavily implicated here.

IV.  <u>MOTION TO DISMISS</u>

Because I have decided that Defendants waived their right to remove this matter, I will not continue to hear the case.  Instead, I will deny the pending Motion to Dismiss without prejudice to Defendants' right to reassert their arguments in the appropriate forum.

V. <u>REQUEST FOR COUNSEL FEES</u>

Plaintiff's Motion to remand contains a request for counsel fees, based on 28 U.S.C. § 1447(c).   Under this Section, a district court has "broad discretion and may be flexible in determining whether to require the payment of fees." <u>Mints v. Educ. Testing Serv.,</u> 99 F.3d 1253, 1260 (3d Cir. 1996). There is no "definitive criteria" against which applications for fees and costs under 1447(c) must be judged. <u>Id.</u>  Under the circumstances, and upon careful consideration of the parties' submissions, I find no bad faith or other factors that might warrant the imposition of counsel fees or costs in this matter.  My Order, therefore, will not contain a fee award.

<u>CONCLUSION</u>

In sum, in light of applicable standards and the parties' stipulation, I will

8

remand this matter to the state court for further proceedings, and deny Defendants' Motion to Dismiss without prejudice.   An appropriate Order follows.

## ORDER OF COURT

AND NOW, this **15th** day of May, 2007, it is  ORDERED that Plaintiff's Motion to Remand (Docket No. [8], Errata at Docket No. [11]) is GRANTED, only to the extent that this action is remanded to the Court of Common Pleas of Allegheny County for further proceedings.  The remainder of the Motion, relating to fees and costs, is DENIED.  Furthermore, Defendants' Motion to Dismiss (Docket No. [2]) is DENIED, without prejudice.  This case is marked CLOSED forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

9